IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51072
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARGARITA CARRILLO-HERNANDEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-563-H
- - - - - - - - - -
June 19, 1998

Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Margarita Carrillo-Hernandez ("Carrillo") appeals her

conviction for importing marijuana and possession of marijuana

with intent to distribute.  She argues that the evidence was

insufficient to support the inference that she knew the

automobile she was driving contained marijuana.

     Because Carrillo renewed her motion for directed verdict at

the close of all evidence, we review the sufficiency of the

evidence to determine whether "a rational trier of fact could

have found that the evidence established the essential elements

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the offense beyond a reasonable doubt." <u>United States v. Lopez</u>, 74 F.3d 575, 577 (5th Cir. 1996). Based on evidence of Carrillo's sole control over the automobile, nervous behavior, inconsistent statements, and implausible explanations for her actions, we hold that sufficient evidence exists to support the inference that she had knowledge of the hidden marijuana. <u>See United States v. Pineda-Ortuno</u>, 952 F.2d 98, 102 (5th Cir. 1992) (defendant's guilty knowledge inferred from control over vehicle, nervous behavior, conflicting statements, and implausible explanation); <u>United States v. Diaz-Carreon</u>, 915 F.2d 951, 954-55 (5th Cir. 1990)(same); <u>United States v. Anchondo-Sandoval</u>, 910 F.2d 1234, 1237 (5th Cir. 1990) (defendant's guilty knowledge inferred from control over vehicle, conflicting statements, and implausible explanations).

Carrillo also argues that the district court committed reversible error by refusing to give her requested jury instruction, which defined the term "knowingly." As Carrillo objected to the district court's refusal at trial, we review the district court's decision for abuse of discretion. <u>United States v. Sanchez-Sotelo</u>, 8 F.3d 202, 212 (5th Cir. 1993).

When confronted with the identical issue in <u>Sanchez-Sotelo</u>, this court held that "knowingly," as used in 21 U.S.C. § 841(a)(1), is used in its common meaning and, therefore, it was not an abuse of discretion to refuse to include a definition of "knowingly" in the jury instructions. <u>Id.</u> Accordingly, we hold

that the district court in this case also did not abuse its discretion.

The judgment of the district court is AFFIRMED.